UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRANDON A. POTTS,

Petitioner,

v.

DOUGLAS GILLEPSIE, et al.

Respondents.

Case No. 2:12-cv-01339-MMD-GWF

ORDER

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is represented by counsel, who filed a petition for writ of habeas corpus in this Court on July 30, 2012. (Dkt. no. 1.) On September 14, 2012, petitioner filed a motion requesting this Court to stay his state court criminal trial, which is set to begin on October 1, 2012. (Dkt. no. 2.)

## I. BACKGROUND

On April 14, 2011, petitioner struck a police motorcycle and the motorcycle officer who was standing nearby in the travel lane, resulting in serious injury to the officer. (Dkt. no. 1, at p. 4.) Petitioner was handcuffed and placed in the back of a police vehicle. (*Id.*) Later, a police officer removed petitioner from the police vehicle for a sobriety test and what petitioner describes as interrogation. (*Id.*, at pp. 4-5.) Petitioner contends that the "officer coerced him into answering questions and performing the field sobriety tests." (*Id.*, at p. 5.) Petitioner alleges that he was never advised of his *Miranda* rights.[1] (*Id.*) Petitioner contends that, without his answers, there was no probable cause to arrest him

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

of a DUI offense. (*Id.*). Petitioner contends that his Fourth and Fifth Amendment rights were violated because he was not given his *Miranda* warning before the field sobriety test. Petitioner asserts that: "Field sobriety testing is 'functionally equivalent' to statements" for the purpose of reviewing an alleged *Miranda* violation. (Dkt. no. 1, at p. 6, n.3.) Petitioner asserts that the evidence from the field sobriety test should be suppressed because the officers failed to give him *Miranda* warnings. (*Id.*, at p. 6.)

On July 8, 2011, an indictment was filed in the Eighth Judicial District of Nevada, in Clark County, charging petitioner with driving while under the influence of intoxicating liquor causing death and/or substantial bodily harm, a felony pursuant to NRS 484C.310 and 484C.430. (Dkt. no. 1-1.) On April 19, 2012, the state district court entered an order denying petitioner's motion to dismiss the indictment in Case No. C-11-274646. (Dkt. no. 1-2.) Petitioner filed a petition for a writ of habeas corpus with the Nevada Supreme Court, arguing that the indictment should be dismissed because probable cause was gained through evidence obtained during the custodial interrogation and sobriety test without police first giving petitioner his *Miranda* warning. (Dkt. no. 1-3.) On June 14, 2012, the Nevada Supreme Court issued a written order denying the petition, finding that the Court's intervention by way of extraordinary writ was unwarranted. (Dkt. no. 1-4.) Petitioner filed a motion for rehearing (dkt. no. 1-5), which the Nevada Supreme Court denied by order filed July 26, 2012. (Dkt. no. 1-6.)

Petitioner's counsel filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with this Court on July 30, 2012. (Dkt. no. 1.) On September 14, 2012, petitioner filed a motion requesting this Court to stay his state court criminal trial (Case No. C-11-274646), which is set to begin on October 1, 2012. (Dkt. no. 2.)

## II. DISCUSSION

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief, absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The

*Younger* abstention doctrine applies to claims raised in federal habeas corpus proceedings. *Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998); *Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. State of Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980), *cert. denied*, 449 U.S. 1014 (1980). The *Younger* abstention doctrine applies when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. at 432; *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). There are three exceptions to the *Younger* abstention doctrine: (1) when there is evidence of state proceedings motivated by bad faith; (2) when irreparable injury would occur; or (3) when there was no adequate alternative state forum where the constitutional issues can be raised. *Younger*, 410 U.S. at 43. A narrow exception to the abstention doctrine exists where a pending state prosecution violates the Double Jeopardy Clause, as this presents circumstances allowing for federal review while state criminal proceedings are ongoing. *See, e.g., Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Otherwise, only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction, and perhaps in other special circumstances where irreparable injury can be shown, is federal injunctive relief against pending state prosecutions appropriate. *Carden v. Montana*, 626 F.2d 82, 83-84 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

In the instant case, all prerequisites to the *Younger* abstention doctrine are present. First, petitioner is currently the subject of a criminal proceeding in state court, which is ongoing and has not reached final adjudication. Second, the State of Nevada has an important interest in protecting the public through the prosecution of criminal proceedings. Third, the state court criminal proceedings afford an opportunity for petitioner to raise the constitutional claim asserted in the federal habeas petition. In fact, the same issues asserted in the federal petition were presented to the state courts and

denied. (Dkt. nos. 1-2, 1-3, 1-4, and 1-6.) To the extent that petitioner claims that the Nevada state courts wrongly denied his motion to dismiss the indictment and his pretrial habeas petition, there is nothing that requires this federal court to conduct a pre-conviction habeas review to cure state law procedural defects. Finally, petitioner has not demonstrated any extraordinary circumstance why this Court should not abstain from entertaining the petition. Petitioner has not alleged or demonstrated that the pending state criminal charges against him are motivated by bad faith, that irreparable injury will occur, or that there is no adequate alternative state forum where the constitutional issues can be raised. For the reasons discussed above, the federal habeas petition is dismissed without prejudice to filing a future federal habeas petition once petitioner's state criminal trial and all state appeals concerning the criminal trial have concluded. Further, petitioner's motion to stay his criminal trial in state court is denied.

## III. CERTIFICATE OF APPEALABILITY

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Pretrial petitioners require a certificate of appealability prior to appealing a denial of relief under 28 U.S.C. § 2241. *See Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

*///*

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner in the petition and in the motion for a stay of the state criminal trial, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court therefore denies petitioner a certificate of appealability.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus (dkt. no. 1) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that petitioner's motion requesting a stay of his state criminal trial, in Case No. C-11-274646, set to begin on October 1, 2012 (dkt. no. 2), is DENIED.

IT IS FURTHER ORDERED that petitioner is DENIED a certificate of appealability.

IT IS FURTHER ORDERED that the Clerk of Court SHALL ENTER JUDGMENT ACCORDINGLY.

DATED THIS 20th day of September 2012.

UNITED STATES DISTRICT JUDGE